

SEALED  UNSEALED 10/26/22

FILED

OCT 20 2022

US DISTRICT COURT
DISTRICT OF DELAWARE

AO 91 (Rev. 11/11)  Criminal Complaint

## UNITED STATES DISTRICT COURT
for the

District of Delaware

United States of America )
v. )
Jordan Donyell HARMON )    Case No. 22-355M
)
)
)

_Defendant(s)_

### CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 21, 2020 _____ in the county of _____ New Castle _____ in the

_____ District of _____ Delaware _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | False Statement in Acquisition of Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Robert Cunningham, TFO-ATF
_Printed name and title_

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P.4.1 and 4(d).

Date: _____ 10/20/2022

_Judge's signature_

City and state: _____ Wilmington, Delaware _____    Honorable Jennifer Hall, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Robert Cunningham, being duly sworn, assert that the following information is true to the best of my knowledge, information, and belief:

### INTRODUCTION AND AGENT BACKGROUND

1.    Your Affiant has experience in the investigation and prosecution of firearms related cases. I am a Detective with the Dover Police Department and have been so employed by the City of Dover Police Department since October 2013 and I am currently assigned as a Detective in the Drugs, Vice, and Organized Crime Unit. Since October 2021, I have been a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Prior to being a Detective for the City of Dover, your Affiant was an employee for the Department of Homeland Security, United States Border Patrol, assigned to the El Cajon, California station. While a Border Patrol agent, your Affiant investigated and witnessed numerous illegal drug and human smuggling cases. I am a graduate of the Delaware State Police Academy where I attended multiple training courses including but not limited to the United States Drug Enforcement Administration Basic Narcotics Investigation Course, Delaware State Police Drug Investigation week course, United States Drug Enforcement Administration Basic Concealment Course, Traffic Stops and Criminal Interdiction training, Drug Identification, Gang Identification, and various other courses. I have investigated and assisted in many Felony and Misdemeanor cases that resulted in arrests as well as convictions. Your Affiant currently holds the position of Dover Police Department Gang Intelligence Coordinator. I analyze and corroborate intelligence gleaned through various gang investigations and identify and validate members of various gangs through the City of Dover, County of Kent, State of Delaware. I have investigated several gang investigations throughout the State of Delaware that resulted in many arrests and convictions. These cases resulted in money, drugs and property being forfeited.

2.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.     Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of Title 18 United States Code § 922(a)(6), which prohibits materially false statements to federally licensed firearms dealers, has been committed by Jordan Donyell Harmon.  In summary, on July 21, 2020, Harmon straw purchased a handgun.

## FACTS SUPPORTING PROBABLE CAUSE

4.     On July 21, 2020, at approximately 12:30 pm, at First State Firearms and Accessories, LLC, a federally licensed firearms dealer located at 178 South Dupont Highway in New Castle Delaware, Jordan Donyell Harmon (Harmon), a Dover area resident born in 1998, purchased for approximately $400 a Smith and Wesson 40 caliber, semi-automatic pistol with serial number FCK9128 (the First State pistol). (This was just one of 18 handgun purchases by Harmon in 2020, each variously documented by Delaware gun shops.)

5.     Just 30 minutes later, at approximately 1:00 pm, on July 21, 2020, police intercepted a telephone call of a Dover area resident, born in 1987 and the subject of a Title III Wire Tap investigation (the Title III target).  The Wire Tap investigation was being conducted by police agencies including the Delaware State Police and the Dover Police Department.  In this intercepted call, the Title III target spoke with a person later identified as another Dover area resident, born in 1984 and a frequent visitor at Harmon's home (Harmon's associate). During this intercepted phone call, the Title III target was told by Harmon's associate, "Yo, I got the word he got a nice Ross S and W …he wants 7 for it…some military issue shit…he said he just came …from Walmarts…he be

2

coming out of the store, I be telling ... I need but if you going to get something it's got to be quality"
The Title III target asked, "...you think 7 the bottom line?" Harmon's associate responded, "Yeah,
because basically he getting his off the top for doing it." The Title III target expressed an interest in
making the purchase and asked, "...how soon can I come over?" Harmon's associate responded,
"Alright, as soon as he pull up I'm going to him to slide over there..." (Your affiant believes that "he
got a nice ...S and W ...he wants 7" is reference to Harmon having a Smith and Wesson firearm,
which he's selling for $700; that "military shit" is a reference to the First State pistol, which your
affiant knows is a two-tone handgun with a desert tan colored frame and a black slide; that "Walmart"
is a reference to the Walmart store which your affiant knows is .8 miles distant from First State
Firearms; that "he be coming out of the store" means Harmon recently exited First State Firearms,
and; that "he getting his off the top for doing it" is a reference to Harmon making a profit by straw
purchasing the First State pistol.

6.   On July 22, 2020, at approximately 9:42 am, just 20 hours after Harmon purchased the
First State pistol, it was recovered by police from the Title III target when he was arrested at the
Capital Inn in Dover. (The pistol was positively identified by its serial number.)

7.   On June 28, 2022, Harmon was arrested on Delaware state charges relating to his straw
purchase of the First State pistol. In a post-arrest statement, video-recorded by your affiant, Harmon
admitted that he purchased the First State pistol; however, he said he did not thereafter sell or give
the pistol to anyone. When your affiant asked Harmon how many total pistols he purchased in 2020,
Harmon responded that he bought a total of 3 or 4 guns. When your affiant told Harmon that gun
shop records documented 18 firearm sales to him in 2020, Harmon did not challenge that number.
He said approximately 7 of the guns had been removed from his residence by a family member who
place them in a storage locker in an uncertain location and to which he had no access.  He said other

3

guns were misplaced and a few of the 18 guns were at his residence. When your affiant advised Harmon that the First State pistol was recovered in an arrest of a third party the day after Harmon purchased it, Harmon initially said he did not know how that could have happened. Harmon admitted that the person identified in this affidavit as "Harmon's associate" was someone Harmon well knew and was a frequent visitor to Harmon's house. Harmon initially said this person possibly could have stolen the First State pistol from Harmon's house after he returned to it with the pistol. Eventually, Harmon admitted that he no longer possessed any of the referenced 18 handguns. When your affiant asked Harmon if he gave the First State pistol to Harmon's associate, Harmon answered, "Yeah. Yeah, I let him hold it." However, Harmon denied that he ever got any money for the pistol. Harmon then completed a Dover Police Department consent search, allowing officers to extract the data located on Harmon's Apple iPhone. Your affiant turned the Apple iPhone over to a fellow officer who extracted the data from Harmon's Apple iPhone.

8.    Investigators located on Harmon's cell phone a text message conversation, dated June 23, 2022, 3:04 pm, between Harmon and Harmon's associate, who your affiant knows is statutorily prohibited from possessing or purchasing a firearm. Near the beginning of the text conversation, Harmon's associate texted, "West m8v3n" and Harmon responded, "West gr52vin cuhz". (Your affiant recognizes these to be gang greetings, respectively, of the Eight Trey Gangster Crips and the Five Duce Hoover Gangster Crips, which are separate sects of the Crips. As to the Five Duce Hoover Gangster Crips, the gang originated on the west coast, in Los Angeles at 52nd and Hoover Streets – thus Five Duce Hoover – and gang members variously greet one another, "What's **grooving**?" - thus Harmon texted "West **gr52vin**." Additionally, "cuhz" or cuz is a term of familiarity exchanged by some close associates, including Crip gang members. Your affiant knows that Five Duce Hoover Gangster Crips gang members are active in Delaware, including Dover. As to the text greeting of

4

Harmon's associate, the Eight Trey Gangster Crips variously greet one another, "What's **moving?**" – thus "**m8v3n**".)  After the gang greetings were exchanged, Harmon texted, "You got a car?? ...Let's do it.  How much you tryn spend?  I'll call uh der rq *[stands for real quick]* and see that they got." When Harmon's associate asked, "How long it take you." Harmon replied, "Shi 30 minutes...I just be filing out the paper ...An then they put it in the computer and I walk out...LMK *[stands for let me know]* what you doing tho cuz cause you bs me yesterday and I could been somewhere else Makin some bread". Harmon's associate then asked, "...you got some shells...40s and 9s" Harmon answered, "Yea ah my crib." (Your affiant interprets this text conversation to be Harmon asking if his associate has a car to drive Harmon to a gun shop.  Harmon asks how expensive a gun his associate wants Harmon to buy for him.  Harmon said he could purchase the gun in 30 minutes, during which he'd fill out paperwork and the gun shop would do a computer criminal record check.  Harmon said that he didn't want to waste his time when he otherwise could be making money and that he had 40 caliber and 9mm ammunition at his residence.    Additionally, investigators found a text message conversation, dated June 26, 2022, at 1:15 pm, between Harmon and his known girlfriend.  Harmon texted, "...left want me to buy a pole for him he said 45 minutes hopefully he don't bluff".  Your affiant knows that "left" is an alias for Harmon's associate and that "pole" is slang for firearm.

9.    On July 12, 2022, at the Dover Police Department, your affiant conducted a post-arrest interview of Harmon's associate.  After playing for him a recording of the above-referenced Title III intercepted phone call from June 21, 2020.  Harmon's associate admitted that he and the Title III target were talking about a firearm transaction, in which Harmon conspired.

10.    Your affiant knows through training and experience that no Smith and Wesson firearms are manufactured in the District of Delaware and therefore the Fist State pistol moved in and effected interstate commerce.

11.  Various rules and regulations, promulgated under the authority of Chapter 44, Title 18, USC, govern the manner in which federally licensed firearms dealers, sometimes called federal firearms licensees (FFLs) are permitted to sell firearms and ammunition. The rules and regulations governing FFLs require that a person seeking to purchase a firearm fill out an ATF Form 4473, Firearm Transaction Record (4473), which requires that the prospective firearm purchaser certify that all his or her answers provided on the 4473 are true and correct.

12.  The 4473 also requires the prospective firearm purchaser to answer a series of questions about the purchase.  The form also asks the following: "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person." The 4473 also contains a warning that falsely answering yes to the above question and thus falsely claiming to be the actual transferee/buyer of the firearm is a crime punishable as a felony.  This actual buyer information is material to the sale of firearms by FFLs because it relates to the eligibility of the actual purchaser to purchase and possess a firearm. Here, Harmon's statement, on July 21, 2020, on the ATF Form 4473 at First State Firearms, that he was the actual purchaser was materially false.

·////·

13.   Accordingly, there is probable cause that Jordan Harmon violated Title 18 United States

Code § 922(a)(6), which prohibits materially false statements to federally licensed firearms dealers.

Respectfully submitted,

Det. Robert Cunningham, TFO-ATF

Subscribed and sworn to, by telephone, before me on October 20, 2022

HONORABLE JENNIFER HALL
UNITED STATES MAGISTRATE JUDGE

7